# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 19-1397V
### Filed: May 5, 2023
UNPUBLISHED

| | |
|---|---|
| CATALINA SASTRE, <br><br>          Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>          Respondent. | Joint Stipulation on Damages; Influenza ("Flu") Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Leah VaSahnja Durant, Washington, DC, for petitioner.*
*Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON JOINT STIPULATION[1]

On September 12, 2019, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of her October 9, 2017 influenza ("flu") vaccination. Petition at 1; Stipulation, filed May 5, 2023, at ¶ 4. Petitioner further alleges that she has experienced the residual effects of her condition for more than six months, that there has been no prior award or settlement of a civil action for damages as a result of her condition, and that her vaccine was administered in the United States. Petition at 3; Stipulation at ¶¶ 3-5. "Respondent denies that petitioner sustained a Table injury for SIRVA, and denies that the flu vaccine caused petitioner to suffer a left shoulder injury or any other injury, and denies that her current condition is a sequelae of a vaccine-related injury." Stipulation at ¶ 6.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on May 5, 2023, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation.  I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award the following compensation:**

- A lump sum of **$40,000.00** in the form of a check payable to petitioner; and

- A lump sum of **$4,261.38**, representing reimbursement of a Medicaid lien for services rendered to petitioner by the Commonwealth of Pennsylvania, in the form of a check payable jointly to petitioner and the Pennsylvania Department of Human Services:

  > Bureau of Program Integrity
  > Division of Third Party Liability
  > Recovery Section
  > P.O. Box 8486
  > Harrisburg, PA 17105-8486

  Petitioner agrees to endorse this check to the Pennsylvania Department of Human Services; and

- A lump sum of **$4,697.05** representing reimbursement of a Medicaid lien for services rendered to petitioner by the City of New York, in the form of a check payable jointly to petitioner and the New York City Division of Liens and Recovery:

  > New York City Division of Liens and Recovery
  > P.O. Box 414733
  > Boston, MA 02241

  Petitioner agrees to endorse this check to the New York City Division of Liens and Recovery.

These amounts represent compensation for all items of damages that would be available under § 15(a).  *Id.*

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| CATALINA SASTRE, | ) | |
| | ) | |
| Petitioner, | ) | No. 19-1397V |
| | ) | Special Master Horner |
| v. | ) | ECF |
| | ) | |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>STIPULATION</u>**

The parties hereby stipulate to the following matters:

1.  Catalina Sastre ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which is a vaccine contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2.  Petitioner received the flu vaccine on October 9, 2017.

3.  The vaccination was administered within the United States.

4.  Petitioner alleges that she suffered from a left shoulder injury related to vaccine administration ("SIRVA") within the time period set forth in the Table, and suffered the residual effects of her alleged injury for more than six months.

5.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that petitioner sustained a Table injury for SIRVA, and denies that the flu vaccine caused petitioner to suffer a left shoulder injury or any other injury, and denies that her current condition is a sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

A.    A lump sum of **$40,000.00** in the form of a check payable to petitioner;

B.    A lump sum of **$4,261.38**,[1] representing reimbursement of a Medicaid lien for services rendered to petitioner by the Commonwealth of Pennsylvania, in the form of a check payable jointly to petitioner and the Pennsylvania Department of Human Services:

Bureau of Program Integrity
Division of Third Party Liability
Recovery Section
P.O. Box 8486
Harrisburg, PA 17105-8486

Petitioner agrees to endorse this check to the Pennsylvania Department of Human Services; and

---

[1] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Pennsylvania may have against any individual as a result of any Medicaid payments the Commonwealth of Pennsylvania has made to or on behalf of Catalina Sastre from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about October 9, 2017, under Title XIX of the Social Security Act, *see* 42 U.S.C. § 300aa-15(g), (h).

C.   A lump sum of **$4,697.05**,[2] representing reimbursement of a Medicaid lien for services rendered to petitioner by the City of New York, in the form of a check payable jointly to petitioner and the New York City Division of Liens and Recovery:

New York City Division of Liens and Recovery
P.O. Box 414733
Boston, MA 02241

Petitioner agrees to endorse this payment to the New York City Division of Liens and Recovery.

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.   As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.   Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

---

[2] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the City of New York may have against any individual as a result of any Medicaid payments the City of New York has made to or on behalf of Catalina Sastre from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about October 9, 2017, under Title XIX of the Social Security Act, *see* 42 U.S.C. § 300aa-15(g), (h).

3

11.  Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.  In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on October 9, 2017, as alleged by petitioner in her petition for vaccine compensation filed on or about September 12, 2019, in the United States Court of Federal Claims as petition No. 19-1397V.

14.  If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that petitioner sustained a Table injury, or that the flu vaccine either caused or significantly aggravated petitioner's alleged injury or any other injury.

18.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/

5

Respectfully submitted,

**PETITIONER:**

CATALINA SASTRE

**ATTORNEY OF RECORD FOR
PETITIONER:**

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

LEAH V. DURANT
Law Offices of Leah V. Durant, PLLC
1717 K Street N.W., Suite 900
Washington, D.C. 20006
Tel.: (202) 775-9200
Fax: (202) 652-1178
Email: ldurant@durantllc.com

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

**ATTORNEY OF RECORD FOR
RESPONDENT:**

by Henry P.
Mcmillan -S3

Digitally signed by Henry P.
Mcmillan S3
Date: 2023.01.20 16:22:17
-04'00'

CDR GEORGE REED GRIMES, MD. MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

CATHERINE E. STOLAR
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel.: (202) 353-3299
Fax: (202) 616-4310
Email: catherine.stolar@usdoj.gov

Dated: May 5, 2023

6